IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. CCB-03-0056 |
| | : |
| DEXTER BERT TYSON | : |

...o0o...

**MEMORANDUM**

Now pending is defendant Dexter Tyson's renewed motion for a new trial and/or a *Franks*[1] hearing based on allegedly perjured trial testimony by government witness Anne Arundel County Detective William Caputo concerning the date he ran a record check on Tyson. Tyson also identifies as false similar statements in a search warrant affidavit concerning the date of a record check and observation of Tyson at 411 Raindrop Court on December 2, 2002, a date when Tyson was incarcerated. This court has ruled on two prior occasions that Tyson was not entitled to a *Franks* hearing or a new trial, and nothing presented in the most recent motion or related papers filed through November 2009 warrants a different result.

As to the *Franks* issue, no hearing is required because the validity of the search warrant affidavit for 411 Raindrop Court, Apt. F, obtained <u>after</u> the date Tyson asserts the record check was run, does not depend on the admittedly erroneous identification of an individual seen at Raindrop Court on December 2, 2002 as Tyson. Even excluding what Tyson asserts to be false statements from the affidavit, there is ample probable cause remaining, including the observation of Tyson on December 18, 2002, and the recovery of glassine bags with cocaine residue from trash identified with 411 Raindrop Court, Apt. F, the location searched in January 2003. *See Franks v. Delaware*, 438 U.S. 154, 171-72 (1978); *U.S. v. Photogrammetric Data Servs., Inc.*,

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978).

259 F.3d 229, 238 (4th Cir. 2001), *abrogated on other grounds by, Crawford v. Washington*, 541 U.S. 36 (2004).

Regarding the motion for new trial, the allegedly false information testified to by Det. Caputo at trial (again the date when the record check was run and the investigation began) is at most impeaching;[2] it is not material and, particularly considering the other overwhelming evidence of Tyson's guilt, correction of this testimony would not likely result in acquittal at a new trial. *See U. S. v. Chavis,* 880 F.2d 788, 793 (4th Cir. 1989); *see also U.S. v. Lofton*, 233 F.3d 313, 318 (4th Cir. 2000).

A separate Order follows.

| | |
|---|---|
| December 1, 2009 | /s/ |
| Date | Catherine C. Blake |
| | United States District Judge |

---

[2] I am not suggesting or finding that perjury has been shown in this case.