IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. CCB-03-0564 |
| | * | |
| DEXTER BERT TYSON | * | |

*******

## MEMORANDUM AND ORDER

Now pending is the motion by Dexter Tyson for a reduced sentence under Section 404 of the First Step Act of 2018 ("FSA"). For the reasons that follow, the motion will be granted in part. The sentence will be reduced to a total of 260 months.

Tyson was convicted of multiple related drugs and weapon offenses by a jury in 2005. Both Counts One and Two involved 50 grams or more of cocaine base. Because of a notice filed by the government under 21 U.S.C. § 851, a life sentence was mandatory on those Counts. Further, he qualified as a career offender. He was sentenced accordingly: life on Counts One and Two; 360 months concurrent on Counts Three, Four, Seven and Eight; 60 months concurrent on Count Six; and 60 months consecutive on Count Five.

In November 2016, however, Tyson received an executive grant of clemency reducing his total sentence to 300 months. He now seeks an additional reduction to 180 months on all counts but Count Six, which is fully served, and Count Five, as to which the consecutive 60 months would remain in place, for a total of 240 months.

Today, Tyson's career offender guidelines are likely the same, 360 months to life (37/VI). Without the § 851 notice, the career offender range would be 262 to 327 months (34/VI). The quantity-based range would be only 120 to 150 months (26/VI). Tyson is eligible for relief, however, even if the guideline range is not reduced. *See United States v. Wirsing*, 943 F.3d. 175, 186 (4th Cir. 2019).

1

Eligibility does not require a reduction. The court should consider the factors under 18 U.S.C. § 3553(a), including post-offense conduct, in making its determination. As explained below, the relevant factors warrant some reduction but not to the extent sought by the defense.

On the one hand, the offense involved a substantial quantity of drugs and possession of a firearm, and Tyson already had a significant criminal history. He also had a significant record of infractions in the BOP through 2012. On the other hand, his recent (2017) disciplinary infractions are less serious, he has taken advantage of BOP programming, and he has the support of family members for a reasonable re-entry plan. Given the very substantial length of the sentence already served, what appears to be his increased level of maturity, and the purpose of the FSA to lessen the disparity between past sentences for crack and powder cocaine, I will reduce the sentence to 200 months on Counts One, Two, Three, Four, Seven, and Eight (concurrent), followed by 60 months consecutive on Count Five.

While supervised release is an important part of the sentence, the prior minimum of ten years on Counts One and Two is greater than necessary. The term of supervised release will be reduced to eight years on those counts, concurrent with the other terms of supervised release.

Accordingly, the motion (ECF No. 342) is **GRANTED** to the extent set forth above. An amended J&C will be issued.

So Ordered this __8__ day of January 2020.

_____
Catherine C. Blake
United States District Judge